**Joseph H'OAR, Plaintiff—Appellant,**

v.

**Jo Anne BARNHART, Commissioner; Social Security Administration, Defendant—Appellee.**

No. 01–35089.

D.C. No. CV–99–03086–MRH.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 4, 2002.*

Decided Nov. 26, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before REAVLEY,** KOZINSKI and W. FLETCHER, Circuit Judges.

### MEMORANDUM***

■ The Social Security Administration employs a five-step inquiry to determine disability. 20 C.F.R. §§ 404.1520, 416.920. H'Oar alleges that the ALJ erred at step four by concluding that H'Oar could perform his past job as a laundry worker and erred at step five by concluding that H'Oar could work as a housekeeper or janitor.

Substantial evidence supports the ALJ's determination. The ALJ made specific findings that explained his rationale for why he disbelieved some of H'Oar's subjective testimony. *See Osenbrock v. Apfel,* 240 F.3d 1157, 1165 (9th Cir.2001). The record indicates enough material inconsistencies in H'Oar's own statements to support a finding that his testimony was not wholly credible. *See Light v. Soc. Sec. Admin.,* 119 F.3d 789, 792 (9th Cir.1997). Similarly, the record supports the ALJ's evaluation of Dr. Rawlins's report. Dr. Rawlins used the term "unskilled work" in the generic sense, not in the technical sense found in the Dictionary of Occupational Titles ("DOT"). Therefore, the ALJ's findings supported the work restrictions included in the hypothetical. *See Osenbrock,* 240 F.3d at 1164–65.

At step four, substantial evidence supports the determination that H'Oar could perform his past work as Laundry Worker II (as defined in the DOT). The hypothetical excluded jobs "such as soldering or circuit board making or precision work such as . . . watchmaking." The vocational expert did not exceed the bounds of the hypothetical by testifying that Laundry Worker II, which requires frequent finger-ing, was a suitable job. Once the ALJ made a determination at step four, he did not need to reach step five. However, substantial evidence supports at least the finding at step five that the job of housekeeper was suitable.

■ The ALJ's duty to develop the medical record "is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari,* 276 F.3d 453, 459–60 (9th Cir. 2001). The record included medical reports from eight different health care professionals and physicians at the Oregon Disability Determination Services. It was neither confusing nor ambiguous.

The judgment of the district court is therefore AFFIRMED.

■

** Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.